UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO GOMEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LINDA SANDERS, Warden,<br><br>　　　　Respondent. | NO. CV 11-9188-DOC (AGR)<br><br><br>ORDER TO SHOW CAUSE |

On November 4, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. For the reasons discussed below, it appears the court lacks jurisdiction to entertain the petition.

The court, therefore, orders Petitioner to show cause, on or before ***December 8, 2011***, why this court should not recommend dismissal without prejudice based on lack of jurisdiction.

**I.**

**SUMMARY OF PROCEEDINGS**

Petitioner is incarcerated at the Federal Correctional Institution in Lompoc, California. On October 29, 2003, a United States District Court, Southern District

of Iowa jury convicted Petitioner of conspiracy to possess with intent to distribute cocaine. *See United States v. Gomez*, Case No. 03-CR-121-REL (S.D. Iowa) ("*Gomez I*"),[1] Dkt. Nos. 24, 27; *Gomez v. United States*, Case No. 06-CV-529-REL (S.D. Iowa) ("*Gomez II*"), Dkt. No. 2 at 1. On February 20, 2004, Petitioner was sentenced to 300 months in prison. *Gomez I*, Dkt. No. 33. On August 22, 2005, the Eighth Circuit affirmed the conviction. *United States v. Gomez*, 419 F.3d 835 (8th Cir. 2005) (per curiam).

On October 31, 2006, the trial court denied Petitioner's 28 U.S.C. § 2255 motion to vacate his conviction and sentence. *Gomez II*, Dkt. No. 2. On June 25, 2007, the Eighth Circuit denied Petitioner a certificate of appealability. *Gomez v. United States*, Case No. 11-CV-350-REL (S.D. Iowa) ("*Gomez III*"), Dkt. No. 2 at 1. On April 30, 2010, Petitioner filed an application for writ of error *audita querela*,[2] again challenging his conviction and sentence. *Gomez I*, Dkt. No. 54. On May 6, 2010, the trial court denied the motion because "it was considered an end run around the requirements of second or successive petitions." *Id.*, Dkt. No. 56.[3] On August 2, 2011, the trial court denied Petitioner's request to file a second or successive petition because Petitioner had not obtained authorization from the Eighth Circuit. *Gomez III*, Dkt. No. 2.

On November 4, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 in this court in which he appears to challenges his sentence. (Petition at 1.)

---

[1] *See Headwaters Inc. v. United States Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case).

[2] "*Audita querela*, literally 'the complaint having been heard,' is a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued." *Carrington v. United States*, 503 F.3d 888, 890 n.2 (9th Cir. 2007).

[3] "A writ of *audita querela* is not an available remedy where the claims raised would be cognizable in a § 2255 habeas petition." *Carrington*, 503 F.3d at 890.

2

## II.

## **DISCUSSION**

"[T]o determine whether jurisdiction is proper, a [federal] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A § 2255 motion must be filed in the sentencing court. 28 U.S.C. § 2255 (a prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence"). On the other hand, a § 2241 petition must be filed in the district in which the prisoner is in custody. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). A federal prisoner may not substitute a § 2241 petition for a § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255"); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions").

"[M]otions to contest the legality of a sentence must be filed under § 2255." *Hernandez*, 204 F.3d at 864. However, § 2255's "savings clause" permits the filing of a § 2241 petition to challenge a conviction or sentence in limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Because Petitioner has already made a § 2255 motion that was denied,

1   this court has jurisdiction only if Petitioner's "remedy by motion is inadequate or
2   ineffective to test the legality of his detention." 28 U.S.C. § 2255*; see Moore v.*
3   *Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *see also Hernandez*, 204 F.3d at
4   864-65; *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

5   The savings clause is available to a prisoner "who is 'actually innocent' of
6   the crime of conviction, but who never has had 'an unobstructed procedural shot'
7   at presenting a claim of innocence." *Lorentsen v. Hood*, 223 F.3d 950, 953-54
8   (9th Cir. 2000); *see also Stephens*, 464 F.3d at 898 ("we have held that a § 2241
9   petition is available under the 'escape hatch' of § 2255 when a petitioner (1)
10  makes a claim of actual innocence, and (2) has not had an 'unobstructed
11  procedural shot' at presenting that claim").

12  "To establish actual innocence, petitioner must demonstrate that, in light of
13  all the evidence, it is more likely than not that no reasonable juror would have
14  convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604,
15  140 L. Ed. 2d 828 (1998) (citation and quotation marks omitted). "Petitioner
16  bears the burden of proof on this issue by a preponderance of the evidence, and
17  he must show not just that the evidence against him was weak, but that it was so
18  weak that 'no reasonable juror' would have convicted him [citation omitted]. . . .
19  [T]he parties are not limited to the existing trial record; the issue is 'factual
20  innocence, not mere legal insufficiency.'" *Lorentsen*, 223 F.3d at 954 (quoting
21  *Bousley*, 523 U.S. at 623).

22  "In determining whether a petitioner had an unobstructed procedural shot
23  to pursue his claim, we ask . . . (1) whether the legal basis for petitioner's claim
24  did not arise until after he had exhausted his direct appeal and first § 2255
25  motion; and (2) whether the law changed in any way relevant to petitioner's claim
26  after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir.
27  2008).
28  ///

4

Petitioner raises two grounds.  The first is involuntary plea.  (Petition at 24-25.)  Petitioner does not explain why this ground is relevant to a defendant who was convicted by a jury.  The second ground is ineffective assistance of counsel, which also appears to be in the context of a plea.  (*Id.* at 25-30.)

Petitioner does not contend he is factually innocent.  Nor does he contend he did not have a procedural shot to present a claim of actual innocence.

### III.

### ORDER

IT IS THEREFORE ORDERED that, on or before **December 8, 2011**, Petitioner shall show cause, if there be any, why this court should not recommend dismissal without prejudice for lack of jurisdiction.  Petitioner's response must address both prongs of the savings clause.

**If Petitioner fails to timely respond to this Order to Show Cause, the Court will recommend that the Petition be dismissed without prejudice based on lack of jurisdiction.**

DATED:  November 8, 2011

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

5